No. 2125

Second Circuit Appeal

---

ED McMANEMAN v. MALONE & RAYNOR

INTERVENTION OF CLARENCE HOLLINGSWORTH

---

(January 19, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Chattel Mortgages—Par. 7; Bills and Notes—Par. 233.**

The evidence, uncontradicted, that intervenor paid $650.00 for a chattel mortgage on three mules shows that the mortgage note was for a valid consideration and in good faith.

Appeal from the Thirteenth District Court, Parish of Rapides, Hon. J. A. Williams, Judge.

This is a suit in which there was judgment for plaintiff. The intervenor claimed a chattel mortgage on three mules seized under that judgment. Judgment recognizing intervenor's chattel mortgage and privilege superior to plaintiff's seizure.

Plaintiff appealed.

Judgment affirmed.

T. F. Hunter, of Alexandria, attorney for plaintiff, appellee.

Hawthorne & Stafford, of Alexandria, attorneys for defendant, appellant.

ODOM, J. On June 15, 1923, the plaintiff, Ed. McManeman, obtained judgment against Malone and Raynor and against Noah A. Malone and Leroy J. Raynor, individual members of the firm of Malone and Raynor for the sum of $2,351.66. A writ of fi fa issued under his judgment on the same day.

While there are no returns in the record to show it, it is alleged by plaintiff in opposition and admitted by McManeman, plaintiff in the original suit that a number of mules were seized under said writ, and were about to be sold to satisfy plaintiff's debt.

On July 19, 1923, Clarence Hollingsworth intervened in said suit by way of Third Opposition, setting up that three of the mules seized were mortgaged to him under a chattel mortgage duly recorded. He asked that said three mules be appraised and sold separately, that his privilege thereon arising from said chattel mortgage be recognized, and that the proceeds of the sale thereof be paid to him by preference and priority over all other creditors.

McManeman, plaintiff in the original suit, answered the third opposition, setting up that third opponent's mortgage is "null and void and of no effect and especially of no effect and against his rights". And he

further alleged that said mortgage is a mere simulation and was given without consideration, for the sole purpose of preventing him from collecting a large sum of money which he said Hollingsworth knew Malone and Raynor owed him, and further that the mules described in the chattel mortgage had actually been seized by the sheriff before the mortgage was recorded.

He prays that his privilege on the property seized be recognized and that the proceeds of the sale be paid to him.

### OPINION.

The only question for us to decide is, was the mortgage by Malone to third opponent, Hollingsworth, given for a valid consideration and in good faith.

Only two witnesses were sworn, Hollingsworth, the mortgagee and Malone, the mortgagor. Hollingsworth says that he actually advanced to Malone $650.00 in cash; $100.00 in November, 1922, $100.00 in April and $450.00 on May 8, 1923 the day on which the chattel mortgage was executed. Malone corroborates his testimony on that point. Hollingsworth said that he was a laborer and had saved his money; that on the day the mortgage was executed he had $450.00 in currency on his person and that he delivered it to Malone. Malone corroborates his testimony on that point.

Hollingsworth said he knew nothing about the suit of Ed. McManeman vs. Malone and Raynor.

Malone says the transaction was bona fide; that the parties for whom he was working had refused to advance more money to him and that he needed money with which to buy feed for his teams, etc.

There is not a syllable of testimony in the record to contradict anything said by these two witnesses. There is therefore nothing for the court to do but to accept it as true.

Counsel for McManeman urges upon the court the proposition that the story told by Hollingsworth about his having the money on his person and his having accumulated it as he says he did are unreasonable and should not be accepted as true by the court.

He urges that the witness could not have accumulated it in the length of time he said he did.

It may be true that he could not have accumulated the money in the time counsel says in brief that witness said he accumulated it. But in fact the witness did not say how long he had been saving his money. Reading of the testimony will show that counsel is in error.

Counsel also says that the District Judge believed, but would not hold that the mules covered by the chattel mortgage belonged to the firm of Malone and Raynor. That issue was not raised in the pleadings and we cannot consider it. If it had been raised we could not sustain it for there is not one syllable of testimony in the record to support such a theory.

Under the pleadings and testimony there was but one judgment the District Court could have rendered.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs in both courts.